The defendant was charged in a four-count complaint. After amendment, count one alleged aggravated assault and battery causing serious bodily injury, count two alleged assault and battery, count three alleged assault and battery, and count four alleged violation of an abuse prevention order. The defendant was convicted on count one of the lesser included offense of assault and battery, and on counts two, three, and four. He now appeals, arguing that the convictions of assault and battery on counts one, two, and three were duplicative, and that his convictions on counts one and two should be vacated.[2] Because the defendant did not raise his claim before the trial court, he is entitled to relief only if he can demonstrate an error that created a substantial risk of a miscarriage of justice. See Commonwealth v. Medina, 81 Mass. App. Ct. 525, 528 (2012).
The judge did not explain to the jury which act of the defendant was charged in each of counts one, two, and three. However, the judge did say: "Each charge in the complaint is an accusation of a different crime. You must consider each charge separately and return a separate verdict whether guilty or not guilty for each charge and I'll explain to you further the charges in a moment." And, in closing, the prosecutor clearly and correctly described the act that formed the basis for each charge. All of the alleged acts took place during a single physical fight between the defendant and the victim, his wife. The prosecutor explained that the aggravated assault and battery charged in count one occurred when "this defendant put his wife ... in a headlock, squeezing her to the point where she had difficulty breathing ... causing her to either pass out or lose consciousness." The prosecutor continued, arguing that "[o]n Counts II and III the assault and battery ... I have proven that this defendant committed two counts of assault and battery during that same physical fight." The prosecutor said "the first" was when, while holding her in the headlock the defendant "began banging her in her middle back area" with his elbow, and that, with respect to "[t]he second count of straight assault and battery ... I ask you to consider that [as] ... she was up against the wall, he punched her in the stomach.... He punched her in the stomach, again, touching her, intending to do so, an act that is likely to commit bodily harm without consent."
Each of the three acts described by the prosecutor was a "separate and distinct act" capable of supporting a separate conviction. See Commonwealth v. Maldonado, 429 Mass. 502, 509 (1999). Consequently we cannot say that these convictions were duplicative as a matter of law.
Finally, although the defendant is correct that "[w]hether a defendant's actions constitute separate and distinct acts or must be considered a single crime is a question of fact for the jury to resolve," Commonwealth v. Vick, 454 Mass. 418, 435 n.16 (2009), and that the judge did not instruct the jury that they could find that the defendant's acts constituted a single crime, the prosecutor's precise delineation of the defendant's separate acts was enough to preclude a substantial risk of a miscarriage of justice in this case. Compare Commonwealth v. Sanchez, 405 Mass. 369, 381-382 (1989) (substantial risk that justice miscarried due to duplicative convictions where jury could have found defendant's conduct to constitute single crime, judge did not so instruct, and "[t]he Commonwealth [did] not argue" that acts were separate), with Commonwealth v. Mamay, 407 Mass. 412, 418 (1990) (no substantial risk that justice miscarried due to duplicative convictions where jury could have found defendant's conduct to constitute single crime, judge did not so instruct, and "the prosecutor consistently highlighted the different actions of the defendant").
Judgments affirmed.

The defendant apparently did not realize at the time of briefing that count two had been amended prior to the introduction of evidence to simple assault and battery from aggravated assault and battery, and therefore argues before us that the guilty verdict on count two was on a lesser included offense. It appears that the defendant is incorrect, but it is of no moment, as our analysis would be the same even if count two was a finding of guilt only on a lesser included offense.